IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| CASEY DUNN, Individually and on Behalf of G.D., a Minor; and THOMAS DUNN, <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC.; et al., <br><br> Defendants. | Case No. 3:23-cv-00224-JM <br><br> Hon. James M. Moody Jr. |

**SUPPLEMENTAL BRIEF IN OPPOSITION TO
MICROSOFT CORPORATION'S
MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Pursuant to the Court's September 6, 2024 Order (Dkt. 157), Plaintiffs Casey Dunn, individually and on behalf of her minor child, G.D., and Thomas Dunn ("Plaintiffs") hereby file this *Supplemental Brief in Opposition to Microsoft Corporation's Motion to Compel Arbitration and Stay Litigation*, responding to the amended documents, including the corrected declaration of Juliamarie Dekle (hereinafter "Dekle Declaration" or "Dekle Am. Decl."), filed by Defendant Microsoft Corporation ("Microsoft") in support of its Motion to Compel Arbitration, and state:

## INTRODUCTION

Microsoft moved to compel arbitration on February 23, 2024 (Dkt. 95). Plaintiffs filed their opposition on April 12, 2024 (Dkt. 129), and on May 3, 2024, Microsoft replied (Dkt. 149). Months later, on August 30, 2024, Microsoft moved for leave to file amended documents, including a corrected declaration in support of its Motion to Compel Arbitration and Stay Litigation (Dkt.

1

155). The Court granted Microsoft's request, which Plaintiffs did not oppose but requested an opportunity to supplement their Opposition responding to the changes. The changes made to the Dekle Declaration can be summarized as follows:

- The information necessary to create an Xbox account was clarified to specify that such information is only required when the Xbox account is created simultaneously with a Microsoft account (Dekle Am. Decl. at ¶ 4);

- The screenshots included in the Declaration were explained to be screens shown only to users who create an Xbox account "***in connection with creating a Microsoft account***" (emphasis added) (Dekle Am. Decl. at ¶¶ 6-10);
- Narrowing the timeframe when a user would have been presented with the Android device screen included in the declaration from August 2021 to 2023 (Dekle Am. Decl. at ¶ 8);

- Editing what information is actually presented to a user when allegedly required to "agree" to the MSA on an Android device from "a notice informing the user that 'Choosing Next means that you agree to the Privacy Statement and Microsoft Services Agreement'" to "a notice informing the user that clicking the button means agreeing to the Microsoft Services Agreement" and acknowledging that there is no button labeled as "Microsoft Services Agreement" that displays the MSA (Dekle Am. Decl. at ¶ 9);

- The previous clause that "it was not possible for a prospective user to access or use any Xbox products or services unless and until the user affirmatively clicked to accept the MSA during the Xbox account creation process" was deleted (Dekle Am. Decl. at ¶ 9);

- Changing references to creating an "Xbox account" to refer only to the creation of an Xbox account simultaneously with a Microsoft account (Dekle Am. Decl. at ¶¶ 10-12);

- Changing some references to an "Xbox account" to a "Microsoft account" (Dekle Am. Decl. at ¶¶ 12-13); and

- Editing the age under which a user's account would be characterized as a "child" account from those under age 18 to only those under 13 (Dekle Am. Decl. at ¶ 12).

These substantive changes highlight the fact that Plaintiffs cannot be compelled to arbitration for the claims involved in this action and further demonstrate that Microsoft's Motion to Compel should be denied.

**ARGUMENT**

The Amended Dekle Declaration essentially corrects Dekle's previous sworn statements regarding the Xbox creation process to state that the sign-up process described for creating an Xbox account is only shown that way when a user creates an Xbox account ***and*** a Microsoft account ***at the same time.*** *See* Dekle Am. Decl. at ¶¶ 5-9. Accordingly, the screens shown that indicate a user must agree to the MSA before creating an account are shown to users who create Xbox accounts in conjunction with creating a Microsoft account. *Id.* However, users who create an Xbox account by signing into a pre-existing Microsoft account ***are not required to agree to the MSA*** when creating the Xbox account. *Id.* at ¶ 5.

Unsurprisingly, the Dekle Declaration itself does not indicate whether the Xbox accounts listed were created simultaneously with the creation of Microsoft accounts such that the sign-up process described in the Declaration would have occurred. Nonetheless, the Wang Declaration to the Motion to Compel includes this information, and makes clear that one of the accounts identified as relevant by Microsoft were not created simultaneously. Specifically, the second Microsoft account identified related to the email address g█████████0@outlook.com was created on August 18, 2021. Wang Decl. at ¶ 10. The alleged Xbox account related to this Microsoft account was not created until August 19, 2021. Dekle Am. Decl. at ¶ 16. Thus, the alleged account creation process detailed in the Dekle Declaration—specifically the process whereby an Xbox account is created simultaneously with a Microsoft account—does not apply to this account. Accordingly, the MSA terms would not have been presented to the user at the time this Xbox account was created.

In short, Microsoft is confusing the issues and treating the creation of the three Microsoft accounts and three Xbox accounts allegedly at issue as though the process was the same for all— when it clearly was not. Specifically, the creator of the second Xbox account (referenced above)

3

was not required to agree to the MSA at the time the Xbox account was created. *See* Dekle Am. Decl.

To expand on the argument made in Plaintiff's Opposition, Microsoft did not provide reasonable notice of the terms and conditions of the MSA during the Xbox account creation process. Specifically, the creator of the Xbox account did not have proper notice or effective communication that the MSA—even if separately agreed to—would also apply the Xbox account and any claims that may arise therefrom, including claims for harms arising from G.D.'s video game addiction. *See generally Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, at 5, 7-8 437 S.W.3d 119, 122-23 (Ark. 2014); *Madison Cos., LLC v. Williams*, 2016 Ark. App. 610, at 5-6, 508 S.W.3d 901, 905 (Ark. Ct. App. 2016). Thus, no agreement to arbitrate was formed between Microsoft and Casey Dunn (or any Plaintiff) when creating the Xbox account.

The changes made to the Dekle Declaration solidify that no agreement to arbitrate exists between the parties as not even Microsoft can identify when, if ever, the MSA is presented to account creators and how the process occurs or differs between different types of accounts. Frankly, if Microsoft's own executives are confused as to the manner in which the terms and conditions, including any arbitration clause, are presented to potential users of Xbox products, then it cannot be said that Plaintiffs were aware of the arbitration clause and agreed to arbitrate.

Notwithstanding the confusion on Microsoft's part, the application of the arbitration clause to any of Plaintiffs' claims would be procedurally unconscionable because the arbitration clause is not presented in a clear and obvious manner to the user. The changes made to the Dekle Declaration serve to highlight the unconscionability of the arbitration clause, as it was not just hidden from users to the side of a button requiring a user to click "Next" to advance through the account creation process, but in many cases was not presented at all. Because procedural

unconscionability occurs "where a term is so difficult to find . . . that the plaintiff cannot fairly be said to have been aware he was agreeing to it," *Enderlin v. XM Satellite Radio Holdings, Inc.*, No. 4:06-CV-0032 GTE, 2008 WL 830262, at *11 (E.D. Ark. Mar. 25, 2008) (quoting *Kinkel v. Cingular Wireless LLC*, 857 N.E. 2d 250, 264 (Ill. 2006)), where an arbitration agreement is hidden in hyperlink on a page requiring a user to create a password, *see* Dekle Decl. at ¶ 8, or not even presented to a user signing up for an account, it is undoubtedly procedurally unconscionable. Microsoft cannot seek to bind users creating Xbox accounts to an arbitration clause contained in a MSA hidden from users or only presented at a prior date when a Microsoft account was created. Moreover, the unconscionability is heightened when the inclusion of Xbox products are hidden in a pages-long list of Microsoft products at the end of the MSA, which no reasonable consumer would remember years later when creating a separate Xbox account. Such inclusion is not conspicuous notice and serves only as an unfair surprise to an innocent party. Accordingly, the arbitration clause should not be enforced and the Motion to Compel should be denied.

## CONCLUSION

For the reasons detailed herein, and those stated in Plaintiffs' Opposition to the Motion to Compel Arbitration, Microsoft's Motion to Compel Arbitration should be denied.

Dated: September 20, 2024    Respectfully submitted,

Plaintiffs Casey Dunn, individually and on behalf of G.D., a minor, and Thomas Dunn

by:    */s/ Breean Walas*
Breean "BW" Walas (AR2006077)
Tina Bullock (PHV)
**BULLOCK LEGAL GROUP, LLC**
3350 Riverwood Pkwy., Suite 1900
Atlanta, GA 30339
(833) 853-4258
bwalas@bullocklegalgroup.com

tina@bullocklegalgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, I electronically filed the foregoing *Supplemental Brief in Opposition to Microsoft Corporation's Motion to Compel Arbitration and Stay Litigation* with the Clerk of the Court using the ECF system which sent notification emails of such filing(s) to all parties and counsel of record.

*/s/ Breean Walas*
Breean "BW" Walas (AR2006077)